932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Douglas Braxton BOWDEN, Defendant-Appellant.
 No. 90-1603.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Douglas Braxton Bowden appeals the district court's judgment sentencing him to imprisonment for 123 months after a jury found him guilty of possession and distribution of cocaine in violation of 21 U.S.C. section 841(a)(1) and use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. section 924(c). On appeal, Bowden raises issues concerning prosecutorial misconduct and failure to instruct the jury properly. We affirm.
 
 
 2
 * The evidence offered by the United States at trial was as follows. On August 17, 1989, Stan Brue, an undercover agent for the Bureau of Alcohol, Tobacco and Firearms went to an apartment at 12789 Santa Rosa in Detroit, Michigan. He entered the building through a common entrance way and went up the stairs. At the top of the stairs, a wrought iron gate blocked his entrance to the apartment. Bowden came from inside the apartment and asked Agent Brue what he wanted. Brue said that he wanted a "twelve rock" or "$12 rock," and Bowden sold him a rock of cocaine ("crack cocaine") weighing between .20 and .25 grams. On August 22, 1989, Agent Brue returned to the apartment to make another purchase. Bowden again sold a $12 rock to Brue.
 
 
 3
 About one to two hours after the second purchase on August 22, Agent Brue and other agents returned to the apartment with a search warrant. After a forced entry through the iron gate, the agents entered the apartment. They found Bowden sitting in a chair in the dining room area. No other person was in the apartment. The only furnishings in the apartment were two chairs, a portable bar, a television, and a radio. The agents seized two firearms: a fully loaded .38 caliber revolver found on top of the radio within Bowden's arm's reach, and a fully loaded .32 caliber revolver found on the bar within six to seven feet from Bowden's seat. They also found numerous rounds of ammunition and five to seven grams of crack cocaine.
 
 
 4
 Agent Brue admitted that he went to the apartment building on the day before his first purchase from Bowden and that he bought crack cocaine from another individual on the front porch of the building. He also bought crack cocaine from another individual in front of the building on the day he made his second purchase from Bowden. Brue admitted that he never saw Bowden with a gun and that he could not say who brought the guns into the apartment or how long the guns had been there. He also admitted that, when the agents executed the warrant on August 22, another individual ran away from the building, and that person was later found with a gun.
 
 II
 
 5
 On appeal, Bowden raises three issues. First, he contends that the district court erred in failing to declare a mistrial after the prosecutor informed the jury in his opening statement that a grand jury had returned an indictment against Bowden after hearing the same evidence. During his opening statement at trial, the prosecutor summarized the United States' evidence to the jury. He then stated: "Based on this information, a grand jury returned an indictment on four counts." Bowden's attorney objected and requested a mistrial. The court refused to declare a mistrial but offered to give a curative instruction, which Bowden's attorney rejected based on his concern that such an instruction would compound the alleged prejudice.
 
 
 6
 "[I]t is always improper for a prosecutor to suggest that a defendant is guilty merely because he is being prosecuted or has been indicted." United States v. Bess, 593 F.2d 749, 754 (6th Cir.1979) (citations omitted). Such a suggestion, however, is not reversible error "if it is not flagrant, where proof of guilt is over-whelming, where counsel does not object and/or where the trial judge steps in and admonishes the jury." Id. at 757 (citations omitted). The test to determine if the improprieties in the prosecutor's argument merit a new trial is whether the statements were "so gross as probably to prejudice the defendant, and [whether] any resulting prejudice is not neutralized by the court's instructions." United States v. Ashworth, 836 F.2d 260, 267 (6th Cir.1988) (citation and quotation marks omitted). We hold that the prosecutor's remark did not create reversible error because the district court neutralized any possible prejudice by instructing the jury at the beginning and at the end of the trial that the indictment was not evidence against Bowden.
 
 
 7
 Bowden next argues that the district court did not adequately instruct the jury on his "mere presence" defense to the possession of cocaine count. The court instructed the jury as follows:
 
 
 8
 Now, the law recognizes two kinds of possession, actual and constructive possession. Actual possession is having physical custody and control over an object. A person who, although not in actual possession, has both the power and the intention to exercise substantial control over an object has constructive possession of it; for example, items in a safe deposit box. Also, more than one person may have control over the narcotics such that there is joint possession.
 
 
 9
 You may not rely solely on a finding that the defendant was near the drugs or that the defendant associated with a person who had possession of the drugs to conclude that the defendant possessed the drugs. However, these are factors which may be considered with all the evidence in making your decision whether the defendant possessed the drugs.
 
 
 10
 In reviewing a district court's instruction on appeal, we have explained that "[t]he standard on appeal for a court's charge to the jury is whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." United States v. Martin, 740 F.2d 1352, 1361 (6th Cir.1984) (citations omitted). We believe that the district court's "mere presence" instruction fairly and adequately submitted the defense to the jury. See United States v. Poulos, 895 F.2d 1113, 1119 (6th Cir.1990) ("[W]hile presence alone cannot show the requisite knowledge, power, or intention to exercise control ..., substantial other incriminating evidence, combined with presence, serves to demonstrate [the defendant's] constructive possession....") (citations and quotation marks omitted).
 
 
 11
 Bowden also argues that the district court implicitly directed a guilty verdict when it instructed the jury on the use of a firearm in relation to a drug trafficking crime. According to 18 U.S.C. section 924(c)(1), "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence of drug trafficking crime, be sentenced to imprisonment for five years...." In United States v. Morrow, 923 F.2d 427 (6th Cir.1991), we explained that section 924(c) requires "proof of a relationship between the weapon and the underlying offense that shows the weapon at least facilitated the offense. Mere possession of a weapon during the course of criminal conduct is not enough." Id. at 433-34 (citations omitted). We further explained that "the government is shouldered with the burden of establishing some relationship between the firearm the defendant possessed and the predicate drug trafficking offense." Id. at 434 (citation, quotation marks, and brackets omitted).
 
 
 12
 The district court instructed the jury on the section 924(c) crime in part as follows:
 
 
 13
 Whoever, during and in relation to any drug trafficking crime for which he may be prosecuted in a Court of the United States uses or carries a firearm, shall be guilty of a crime.
 
 
 14
 The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are, first, that on or about the date charged the defendant used a firearm; second, that the defendant had knowledge that what he was using was a firearm; and third, that he did so during and in relation to the commission of a drug trafficking crime.
 
 
 15
 .............................................................
 
 
 16
 ...................
 
 
 17
 * * *
 
 
 18
 Now, for the offense charged in Count IV [use of firearm] the defendant is considered to have used a firearm if its presence in his possession in any manner facilitated the carrying out of the offense charged in Count III [cocaine distribution].... It is not necessary that the firearm be displayed or fired in order that it may be considered as having been used. The defendant has used the firearm if it was an integral part of criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed. If a firearm is available to protect drugs or protect money from the sale of drugs, then it is used in a drug trafficking crime.
 
 
 19
 The district court's instruction "fully apprise[d] the jury of the additional facts connecting the weapon to the crime that it must find to convict on this charge." Morrow, 923 F.2d at 434-35. We hold, therefore, that the instruction was fair and adequate.
 
 III
 
 20
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation